IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| ALBERTA BOWERS, | § | |
| | § | |
| Defendant Below, | § | No. 304, 2022 |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID No. 2005005348 (N) |
| | § | |
| Appellee. | § | |

Submitted: August 23, 2023
Decided: October 20, 2023

Before **SEITZ,** Chief Justice; **LEGROW** and **GRIFFITHS**, Justices.

## ORDER

After consideration of the brief and motion to withdraw filed by the appellant's counsel under Supreme Court Rule 26(c), the State's response, and the Superior Court record, it appears to the Court that:

(1)     Alberta Bowers and Markivis Carter, the father of one of Bowers's children, were involved in a verbal argument about $20 and an electronic device. The argument escalated and Carter kicked Bowers and slammed her to the ground. As Carter began to walk away, Bowers "stabbed" or "poked" Carter in the back with a sharp object, puncturing his lung. Carter did not see the object, and police officers did not recover a weapon. Bowers testified that the object was a key-chain souvenir

that was shaped like a shark with a pointy nose. A bystander recorded the incident on a cell-phone video and provided the video to the police.

(2) A Superior Court jury found Bowers guilty of second-degree assault, as a lesser-included offense of first-degree assault, and possession of a deadly weapon during the commission of a felony ("PDWDCF"). Based on the jury instructions, these verdicts indicate that the jury found that Bowers acted recklessly rather than intentionally and that whatever object she used constituted a deadly weapon. The court sentenced Bowers as follows: for PDWDCF, to two years of incarceration, and for second-degree assault, to eight years of incarceration, suspended for decreasing levels of supervision. This is Bowers's direct appeal.

(3) Bowers's trial counsel filed a notice of appeal on Bowers's behalf. A different attorney later substituted as counsel for Bowers in this appeal and filed a brief and a motion to withdraw under Supreme Court Rule 26(c). Bowers provided points that she wanted the Court to consider, in the form of notes and underlining on the trial transcript. Bowers's arguments appeared to include an assertion that officers did not inform her of her *Miranda* rights at the time of her arrest, an assertion of "self-defense," and a challenge to the admissibility of the cell-phone video. This Court granted the motion to withdraw and appointed a different attorney to represent Bowers on appeal. Bowers's new counsel has filed a brief and a motion to withdraw under Supreme Court Rule 26(c). Counsel asserts that, based upon a conscientious

review of the record, the appeal is wholly without merit. Counsel informed Bowers of the provisions of Rule 26(c) and provided her with a copy of the motion to withdraw and the accompanying brief. Counsel also informed Bowers of her right to supplement counsel's presentation. In response, Bowers provided counsel with a note stating that she would like to end the appeal process and move forward with her "modification." The State has responded to the Rule 26(c) brief and argues that the Superior Court's judgment should be affirmed.

(4) When reviewing a motion to withdraw and an accompanying brief, this Court must (i) be satisfied that defense counsel has made a conscientious examination of the record and the law for arguable claims; and (ii) conduct its own review of the record and determine whether the appeal is so totally devoid of at least arguably appealable issues that it can be decided without an adversary presentation.[1] We have considered the points that Bowers submitted with the first Rule 26(c) motion and conclude that none of the issues has merit.

(5) First, Bowers did not present any claim under *Miranda v. Arizona*[2] to the trial court, and we therefore review for plain error.[3] "Under the plain error

---

[1] *Penson v. Ohio*, 488 U.S. 75, 80, 82-83 (1988); *Leacock v. State*, 690 A.2d 926, 927-28 (Del. 1996).

[2] 384 U.S. 436 (1966).

[3] *See* DEL. SUPR. CT. R. 8 ("Only questions fairly presented to the trial court may be presented for review; provided, however, that when the interests of justice so require, the Court may consider and determine any question not so presented."); *Harris v. State*, 2018 WL 4191042, at *2 (Del. Aug. 31, 2018) ("Harris argues that his constitutional rights were violated because he was not

standard of review, the error complained of must be so clearly prejudicial to substantial rights as to jeopardize the fairness and integrity of the trial process."[4] There is no plain error here, because no statements that were arguably inadmissible based on a lack of *Miranda* warnings were admitted at trial.[5]

(6) Second, Bowers also did not seek a self-defense instruction at trial. It appears that the defense strategy focused, partially successfully, on arguing that Bowers did not possess a deadly weapon and did not act with the level of intent necessary for a conviction of first-degree assault. We find no plain error in the Superior Court's failure to give a self-defense instruction *sua sponte*. To the extent that Bowers's argument is that her counsel should have requested a self-defense instruction, this Court "will not consider an ineffective assistance of counsel claim for the first time on direct appeal."[6]

(7) Finally, Bowers's argument that the Superior Court erred by admitting the cell-phone video into evidence also is without merit. A police officer testified that, after he arrived at the scene, he was "flagged down" by a couple in an SUV who said that they had a video of the incident and offered to submit the video

---

informed of his *Miranda* rights. Because Harris did not assert this claim below, we review it for plain error.").

[4] *Wainwright v. State*, 504 A.2d 1096, 1100 (Del. 1986).

[5] *See Harris*, 2018 WL 4191042, at \*2 (holding, in the Rule 26(c) context, that appellant's argument that his constitutional rights were violated because he did not receive *Miranda* warnings did not demonstrate plain error because "the statements that were arguably inadmissible because of the lack of *Miranda* warnings were not introduced or admitted at trial").

[6] *Id.* at \*3.

4

anonymously.[7] The officer provided them with his email address, and he received an email with the video approximately three hours later.[8] The officer testified that the video that was played for the jury was the video that he received and that the conditions reflected on the video were consistent with the observations that the officer made at the scene on the day of the incident.[9] Defense counsel objected to the admission of the video, asserting that it was insufficiently authenticated and that the person who recorded the video should be subject to cross-examination regarding whether the video had been altered. The State argued that the objection went to the weight that the evidence should be afforded, not its admissibility, and that two other officers had also testified that the video was consistent with their observations on the day of the incident. The Superior Court overruled the objection and admitted the video into evidence, analogizing to other instances in which police collect surveillance video and provide the authenticating testimony at trial.

(8)     The Superior Court did not abuse its discretion by admitting the video into evidence.[10] Rule 901(a) of the Delaware Uniform Rules of Evidence provides: "To satisfy the requirement of authenticating or identifying an item of evidence, the

---

[7] Appendix to Opening Brief at A158-59.

[8] *Id.* at A163-64, A175-76.

[9] *Id.* at A163-65.

[10] *See White v. State*, 258 A.3d 147, 154 (Del. 2021) ("This Court reviews for abuse of discretion a trial court's decision that evidence has been properly authenticated." (alteration and internal quotations omitted)); *Barnes v. State*, 858 A.2d 942, 943 (Del. 2004) ("We review a trial judge's decision regarding the authenticity of the surveillance videotape for abuse of discretion.").

proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is." The "authentication requirement is fundamental," but "it imposes only a lenient burden that is easily met."[11] "To satisfy the authentication requirement, the State need only establish a rational basis from which the jury could conclude that the evidence is connected with the defendant."[12] "There are no hard-and-fast rules about how the State must meet the authentication requirement, and it is permissible to use the content and context of [an item of evidence] for authentication."[13]

(9) In this case, the officer who obtained the video testified that he arrived at the scene within a few minutes of the incident, when Bowers and Carter were both still present;[14] that a couple in an SUV contacted him and told him that they had recorded a video of the incident but wanted to leave the scene because they had a child in the car and they wanted to remain anonymous;[15] that he provided them with his email address; and that he received the video by email approximately three hours later.[16] Moreover, the officer testified that the video appeared to depict the scene as

---

[11] *Prince v. State*, 2022 WL 4126669, at *3 (Del. Sept. 9, 2022) (internal quotations omitted).

[12] *White*, 258 A.3d at 155 (internal quotations omitted).

[13] *Id.* (alteration, internal quotations, and citation omitted).

[14] Appendix to Opening Brief at A157-59.

[15] *Id.* at A158-59.

[16] *Id.* at A163-64, A175-76.

it was on the day of the incident.[17]  Bowers does not assert that the video does not accurately depict the incident as it occurred.[18]  Given the content and context of the video's creation and receipt by the officer, we find no abuse of discretion in the Superior Court's determination that the cell-phone video was sufficiently authenticated.

(10)  The Court has reviewed the record carefully and concluded that the appeal is wholly without merit and devoid of any arguably appealable issues.  We also are satisfied that counsel made a conscientious effort to examine the record and the law and properly determined that Bowers could not raise a meritorious claim on appeal.

---

[17] *E.g.*, *id.* at A164-65.  We note that Carter also indicated during his testimony that the video depicted his altercation with Bowers and stated that the only difference between the video and his recollection of the events is that he did not remember that he had kicked her in addition to slamming her to the ground. *Id.* at A259-60.  Carter's testimony therefore further supported the authenticity of the video. *Cf. McCleaf v. State*, 2001 WL 1586810, at *1 (Del. Dec. 4, 2001) (rejecting authentication challenge to admissibility of store security video in shoplifting trial where one loss prevention employee was monitoring the camera when he observed the defendant shoplifting but another loss prevention employee who participated in apprehending the defendant provided the authentication testimony).

[18] *Cf. Prince*, 2022 WL 4126669, at *3 (rejecting claim that counsel was ineffective for not objecting to admission of a video on the basis that it was not properly authenticated, and observing that the defendant "has not raised any actual challenge to the authenticity" of the video).

7

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.  The motion to withdraw is moot.

BY THE COURT:

*/s/ N. Christopher Griffiths*
Justice